| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

| | | |
|---|---|---|
| Evanston Insurance Company, | § § § § § § § § § § | |
| Plaintiff, | | |
| *versus* | | Civil Action H-03-4888 |
| Chargois & Ernster, LLP, *et al.*, | | |
| Defendants. | | |

# Opinion on Summary Judgment

1. *Introduction.*

   A company was awarded a monetary judgment from a partnership. After the partnership dissolved, it still continued to do business under its assumed name. The company is seeking to collect the debt from the principals of that partnership. Because the principals were obliged to pay all creditors of the partnership, including the company, before dissolution, they will remain responsible.

2. *Registration of Firm.*

   In the summer of 2002, Damon Chargois and Cletus Ernster, III, registered their law firm as a limited-liability partnership.

   In 2003, Dillard Department Stores, Inc., sued the firm for trademark infringement. Later that year, Evanston Insurance Company, the firm's insurer, sued the partners and Dillard's for indemnity in this court. Dillard's cross-claimed against the firm in that action.

3. *Dissolution of Firm.*

   On February 9, 2004, Chargois withdrew from the firm. He took no assets, except furniture that belonged to him before the firm had been formed. Two weeks later, Chargois and Ernster dissolved their association through a separation agreement, but they did not wind up the firm. The assets and liability were continued to be managed as they had been when when the registration was effective.

By that summer, the firm's registration had expired, and that fall, this court awarded Dillard's attorneys and expert fees of $143,500. In 2006, Dillard's changed the names of the debtors from the firm to the partners. A few months later, Dillard's re-named the partnership as the sole debtor.

Two years later, Dillard's has not been able to collect the debt. It now brings a third-party complaint against the partners individually for enforcement of its earlier judgment.

4. *The Dispute.*

Dillard's has moved for judgment against the putative principals – Chargois and Ernster – saying that they were never shielded from liability. In essence, Dillard's says that when the firm's registration for limited liability expired in 2004, it had lapsed into a general partnership under the common names of Chargois and Ernster. Because they continued to control the assets and kept them from the creditors, they became general partners.

Dillard's says that even though the name they used for the partnership had morphed, Chargois and Ernster knew that the firm had never paid Dillard's the judgment. The partners are, therefore, jointly and severally liable for the firm's debts. Alternatively, Dillard's asks this court to impose a receivership or a constructive trust for it.

Ernster and Chargois say that they are not responsible for a debt of a limited-liability partnership. They say that they are not obliged to pay because the firm's debt incurred at the time of the tort – when the partnership infringed Dillard's mark in 2003, not when the judgment was entered against the firm in 2004.

Further, they say because Dillard's knew that their partnership had dissolved but never collected for many years, they cannot be responsible under limitations. Further still, they say that because their individual rights were not separately represented in the underlying Dillard's litigation, they were deprived of due process.

5. *Obligor.*

When people form a limited-liability partnership, they have a responsibility to maintain that legal fiction to receive its benefits. If they do not, they lose those benefits. For example, if Allen and Baker do not keep the corporate records of Acme Steelworks, LLP, they do not necessarily lose the right to do business under the Acme name. They may do business as Acme, but they will be directly responsible for all liabilities under the assumed name of Acme.

If they quit doing business after disregarding corporate formalities, however, the law will not hold them responsible for its liabilities.

Once the limited-liability entity of Chargois & Ernster, LLP, died in early 2004, all of its protection died with it.  Once Chargois and Ernster did not properly wind up the partnership's business at dissolution and continued the business under that assumed name of the firm, they became joint obligors of the firm's debts.  By controlling and using the assets of the firm – like contingent fee cases – instead of discharging obligations to the firm's creditors – like Dillard's – Chargois and Ernster continued the limited partnership as general partners.  They lost its authority as a distinct juridical entity, and they had essentially ratified the firm's debts.

As obligors of the debts of the partnership, Chargois and Ernster are each responsible for what they had not closed properly.  Otherwise, no one would be responsible for the debts of an illegitimate yet fully operating corporation.  Tex. Rev. Civ. Stat. art. 6132b-8.01(a)(winding-up required);  6132b-8.06(a)(partnership property must be applied to discharge obligations to creditors); 6132b-3.04(a)(joint and several liability of partners).

6.  *Limitations.*

Chargois and Ernster say that because Dillard's knew that their partnership had dissolved but never collected for many years, they are not responsible under limitations.  The date of entry of the final judgment determines the accrual of limitations for filing a suit.  Dillard's filed this suit on January 10, 2008.  That is within the four-year limitations from the entry of judgment on November 4, 2004.  It is timely.

Dillard's notice of the various incarnations of the firm's corporate status over the last decade is irrelevant for limitations. *See Wilson v. Venteicher (In re Jones)* , 161 B.R. 180, 183 (Bankr. N.D. Texas 1993)(the time starts to run against a partner when a judgment becomes final); *see also Elmer v. Santa Fe Props.*, 2006 Tex. App. LEXIS 10593 at *9 (Tex. App. San Antonio, Dec. 13, 2006)(partnership creditor may sue partner of insolvent partnership at any time).

7.  *Due Process.*

Chargois and Ernster say that because their individual rights were not separately represented in the underlying Dillard's litigation, they were deprived of due process.  Chargois

and Ernster – as obligors – may not sit on the sidelines while their partnership's debt is being litigated and then later complain that they had no opportunity to be heard.

Chargois and Ernster were not strangers to this deal; each was intimately familiar with the Dillard's litigation and the firm's debts. Even if they had not been, they were served with process in this new proceeding, appeared, asserted their defenses, and were afforded three hearings on them. Their due process rights have been fully preserved. *C.f. Nelson v. Adams USA, Inc.*, 529 U.S. 460, 461 (2000)(due process missing when judgment debtor was not served and had no opportunity to defend).

8. *Conclusion.*

The judgment of 2004, in favor of Dillard Department Stores, Inc., will be enforced against Damon Chargois and Cletus Ernster, III.

Signed on February 25, 2009, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge